UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| BRENDAN H., | ) |
| | ) |
|       Plaintiff | ) |
| | ) |
| v. | )  No. 2:22-cv-00340-LEW |
| | ) |
| KILOLO KIJAKAZI, | ) |
| Acting Commissioner of | ) |
| Social Security, | ) |
| | ) |
|       Defendant | ) |

**REPORT AND RECOMMENDED DECISION**

The Plaintiff in this Social Security Disability appeal contends that the Administrative Law Judge (ALJ) erred in concluding that his alleged fibromyalgia was not a medically determinable impairment. *See* Plaintiff's Brief (ECF No. 17) at 7-10. For the reasons that follow, I recommend that the Court affirm the Commissioner's decision.

## I. Background

The ALJ found, in relevant part, that the Plaintiff (1) had a severe impairment of ankylosing spondylitis, *see* Record at 56; (2) retained the residual functional capacity (RFC) to perform light work except that he could frequently balance and occasionally climb, stoop, kneel, crouch, and crawl, *see id.* at 57; (3) could perform jobs existing in significant numbers in the national economy, *see id.* at 68; and (4) therefore had not been disabled at any time from March 1, 2019, his alleged onset date of disability, through the date of the decision, September 16, 2021, *see id.* at 53,

1

68-69. The Appeals Council denied the Plaintiff's request to review the ALJ's decision, *see id.* at 28-31, making that decision the final determination of the Commissioner, *see* 20 C.F.R. § 404.981.

## II. Standard of Review

A final decision of the Commissioner is subject to judicial review to determine whether it is based on the correct legal standards and supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Seavey v. Barnhart*, 276 F.3d 1, 9 (1st Cir. 2001). Substantial evidence in this context means evidence in the administrative record that a reasonable mind could accept as adequate to support an ALJ's findings. *See Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). If an ALJ's findings are supported by substantial evidence, they are conclusive even if the record could arguably support a different result. *See Irlanda Ortiz v. Sec'y of Health & Hum. Servs.*, 955 F.2d 765, 769 (1st Cir. 1991). But an ALJ's findings "are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999).

## III. Discussion

The ALJ acknowledged that the Plaintiff "was noted to have issues of fibromyalgia/chronic tendinitis" but found no medically determinable impairment (MDI) of fibromyalgia pursuant to Social Security Ruling (SSR) 12-2P. *See* Record at 56. The Plaintiff challenges that finding, *see* Plaintiff's Brief at 7-10, which the Commissioner defends as supported by substantial evidence, *see* Commissioner's Response (ECF No. 18) at 2-7. The Plaintiff also asserts, and the Commissioner

contests, that evidence presented for the first time to the Appeals Council demonstrates either harmful error or the ALJ's failure to adequately develop the record. *See* Plaintiff's Brief at 6, 9-10; Commissioner's Response at 6. As to both points, the Commissioner has the better argument.

### A. Challenge to ALJ's Finding of No Fibromyalgia MDI

SSR 12-2P provides, in relevant part, that the Commissioner will find that a claimant has a medically determinable impairment of fibromyalgia when a licensed physician has diagnosed fibromyalgia and the claimant has provided evidence that the condition meets either the 1990 American College of Rheumatology (ACR) Criteria or the 2010 ACR Criteria. SSR 12-2P, 2012 WL 3104869, at *2-3 (July 25, 2012). Both the 1990 and 2010 ACR criteria also require a showing that "other disorders that could cause" the symptoms, signs, and, in the case of the 2010 ACR Criteria, co-occurring conditions, "were excluded." *Id.* at *3.[1]

The ALJ found that the Plaintiff's "primary care provider only vaguely noted multiple trigger points involving the upper back and all 4 extremities," which did not "describe the tender points" required by SSR 12-2P. Record at 56. He added that there was "no evidence other causes of alleged pain were ruled out and[,] notably, the

---

[1] To satisfy the 1990 ACR Criteria, a claimant must also show (i) "[a] history of widespread pain" (defined as "pain in all quadrants of the body" and "axial skeletal pain") that "has persisted (or that persisted) for at least 3 months," and (ii) "[a]t least 11 [of 18 specified] positive tender points on physical examination." SSR 12-2P, 2012 WL 3104869, at *2-3. To satisfy the 2010 ACR Criteria, a claimant must also show (i) "[a] history of widespread pain" and (ii) "[r]epeated manifestations of six or more FM symptoms, signs, or co-occurring conditions, especially manifestations of fatigue, cognitive or memory problems ('fibro fog'), waking unrefreshed, depression, anxiety disorder, or irritable bowel syndrome." *Id.* at *3 (footnotes omitted).

[Plaintiff] was treating with a rheumatologist for ankylosing spondylitis which would account for the alleged symptoms." *Id.*

The Plaintiff challenges this finding on the basis that the ALJ ignored evidence that he underwent an extensive workup that failed to identify the cause of pain symptoms that his providers believed were not fully explained by his ankylosing spondylitis.  *See* Plaintiff's Brief at 8.[2]  He points to a March 4, 2021, note in which treating physician Spiros P. Lazos, M.D., listed "fibromyalgia" among "Problem List Items Addressed This Visit," explaining:

> Unstable – issues of chronic pain with current diagnosis of ankylosing spondylitis followed by rheumatology.  Continues to have periodic spasm of multiple muscle groups, recurrent tendinopath[ie]s of the feet and hands with periods of swelling.  Extensive work-up thus far without cause.

Record at 779; Plaintiff's Brief at 8-9.  Dr. Lazos also separately listed ankylosing spondylitis as a problem addressed, describing it as "[p]rimary" and "[u]nstable," with the Plaintiff continuing "close followup with rheumatology." Record at 780.  He noted that the Plaintiff had "[i]ssues of fibromyalgia/chronic tendinitis also." *Id.*

As the Commissioner observes, *see* Commissioner's Response at 5, the Lazos note cannot fairly be read to exclude causes of specific symptoms other than fibromyalgia.  On the contrary, it indicates that at least some of the Plaintiff's chronic pain symptoms were or might be attributable to ankylosing spondylitis and/or tendinitis.  Thus, it stops short of demonstrating a medically determinable

---

[2] The Plaintiff separately challenges the ALJ's failure to find that he had six or more of the somatic symptoms of fibromyalgia set forth in the 2010 ACR Criteria. *See* Plaintiff's Brief at 8-9.  I need not reach that point because a failure to demonstrate the exclusion of alternative causes of a claimant's symptoms is fatal under both the 1990 and 2010 ACR criteria.

impairment of fibromyalgia. *See, e.g.,* SSR 12-2P, 2012 WL 3104869, at *3 (requiring "[e]vidence that other disorders that could cause" fibromyalgia symptoms, signs, or co-occurring conditions "were excluded"); *Sara J. H. v. Kijakazi*, No. 2:20-cv-00304-GZS, 2021 WL 4742708, at *4 (D. Me. Oct. 11, 2021) (rec. dec.) (holding that a claimant's reliance on a treating physician's rule-out of four conditions as causes for her symptoms did not suffice to show that causes other than fibromyalgia had been ruled out when the physician noted that he felt the claimant was suffering from as many as three other conditions at once), *aff'd*, 2021 WL 5041220 (D. Me. Oct. 27, 2021); *Brown v. Berryhill*, No. 1:17-cv-00104-MAT, 2018 WL 3996426, at *3-4 (W.D.N.Y. Aug. 20, 2018) (holding that an ALJ supportably relied on the testimony of a medical expert that a claimant could not have simultaneous diagnoses of fibromyalgia and osteoarthritis when both diagnoses were predicated on the same "one-time examination of [the claimant] and [the claimant's] self-reported medical history" and thus inconsistent with "fibromyalgia's status as a diagnosis of exclusion").[3]

## B. Reliance on Evidence Submitted to Appeals Council

The Plaintiff also seeks remand on the basis that evidence submitted for the first time to the Appeals Council—a note of a November 11, 2021, visit to treating rheumatologist Edward Fels, M.D., that postdated the ALJ's decision by nearly two

---

[3] At oral argument, the Plaintiff's counsel further faulted the ALJ for overlooking the finding of agency nonexamining consultant Sharon Hogan, M.D., on reconsideration that the Plaintiff had a medically determinable impairment of "Disorders of Muscle, Ligament and Fascia," which counsel posited alluded to fibromyalgia. Record at 168. As the Commissioner's counsel noted, Dr. Hogan explained that her RFC finding was based on her acceptance of the Plaintiff's diagnosis of ankylosing spondylitis. *See id.* at 169-70. In any event, any error was rendered harmless by the ALJ's adoption of the Hogan RFC opinion. *See id.* at 66-67.

5

months—demonstrates both harmful error and the ALJ's failure to adequately develop the record by contacting Dr. Fels. *See* Plaintiff's Brief at 9-10; Record at 44-49.

To demonstrate harmful error based on evidence submitted for the first time to the Appeals Council, a claimant must show either that (1) the evidence is new and material and there is good cause for its belated submission or (2) the Appeals Council gave an "egregiously mistaken ground" for its action in refusing review based on the late-tendered evidence. *Mills v. Apfel*, 244 F.3d 1, 5 (1st Cir. 2001). The Plaintiff does not attempt to make either showing, *see* Plaintiff's Brief at 9-10, rendering this point of error unpersuasive.

### IV. Conclusion

For the foregoing reasons, I recommend that the Commissioner's decision be **AFFIRMED**.

### *NOTICE*

*A party may file objections to those specified portions of a Magistrate Judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the District Court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the District Court and to appeal the District Court's order.*

Dated: September 22, 2023

/s/ Karen Frink Wolf
United States Magistrate Judge